BENJAMIN B. WAGNER
United States Attorney
MATTHEW M. YELOVICH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:15-CR-00115 TLN |
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | |
| KAY LEE, | |
| Defendant. | |

WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this matter, or to defendant KAY LEE in this case as provided below;

WHEREAS, the sensitive but unclassified discovery materials at issue include information pertaining to victims or potential victims in this case, including personal identifying information and what the government has represented are access device numbers such as bank account numbers, credit card numbers, etc.;

WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a private agreement is not appropriate in light of the nature of the information at issue and the charges in this case; and

WHEREAS, the defendant has counsel ("Defense Counsel") who wishes to have the opportunity

1  to review the discovery;

2        Defendant KAY LEE and plaintiff United States of America, by and through their counsel of

3  record, hereby agree and stipulate as follows:

4        1.     This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of

5  Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

6        2.     This Order pertains to all discovery provided to or made available to Defense Counsel

7  that is identified as sensitive and subject to a protective order in this case (hereafter, collectively known

8  as "protected discovery").

9        3.     Defense Counsel shall not disclose any of the protected discovery to any person other

10  than their respective client, or attorneys, law clerks, paralegals, secretaries, experts, and investigators,

11  involved in the representation of their respective client.  However, at no time shall defendant be

12  permitted to review the protected discovery outside of the presence of Defense Counsel or Defense

13  Counsel's partners, associates, or employees as designated by Defense Counsel, and Defense Counsel or

14  his/her designee shall not leave any of the protected discovery with defendant at any location.

15        4.     The protected discovery and information therein may only be used in connection with the

16  litigation of this case and for no other purpose.  The protected discovery is now and will forever remain

17  the property of the United States Government.  Defense Counsel will return the discovery to the

18  Government or certify that it has been shredded at the conclusion of the case, to include any appeal,

19  and/or collateral attack.

20        5.     Defense Counsel will store the discovery in a secure place, such as Defense Counsel's

21  private office, and will use reasonable care to ensure that it is not disclosed to third persons or their

22  respective client in violation of this agreement.

23        6.     If Defense Counsel releases custody of any of the discovery, or authorized copies thereof,

24  to any person described in paragraph (3), Defense Counsel shall provide such recipients with copies of

25  this Order and advise that person that the protected discovery is the property of the United States

26  Government, that the protected discovery and information therein may only be used in connection with

27  the litigation of this case and for no other purpose, and that an unauthorized use of the protected

28  discovery may constitute a violation of law and/or contempt of court.

7.      In the event that defendant obtains substitute counsel, undersigned Defense Counsel agrees not to disclose any protected discovery to successor counsel absent a court order that a) Defense Counsel be relieved, b) successor counsel be appointed, and c) all discovery be turned over to successor counsel.

8.      Defense Counsel shall be responsible for advising their client, employees, and other members of the defense team of the contents of this Stipulation/Order.

IT IS SO STIPULATED.

Dated:  July 15, 2015                          Respectfully submitted,


                                               BENJAMIN B. WAGNER
                                               United States Attorney

                                    By:     /s/  Matthew M. Yelovich
                                               MATTHEW M. YELOVICH
                                               Assistant U.S. Attorney


                                    By:     /s/ Gregory W. Foster
                                               GREGORY W. FOSTER
                                               Counsel for KAY LEE


### ORDER

IT IS SO FOUND AND ORDERED.

DATED: July 17, 2015


                                               ALLISON CLAIRE
                                               UNITED STATES MAGISTRATE JUDGE